Ellington v. Eclipse Recreational Vehicles I guess we'll start with Eclipse who has seven minutes. Thank you your honor. You may proceed. I may please the court my name is R.T.M. Yashin and I represent Appellant Eclipse Recreational Vehicles Inc. The issue in this appeal is relatively straightforward and that's whether the district court erred in distinguishing this case from Felicilda. In fact it appeared that the district court agreed that Felicilda would resolve the arbitration issue in favor of Eclipse but it distinguished the case on two grounds. First that the dealership was not a party in this case. And second that Ellington's claims are based on implied warranties versus express warranties as they were in Felicilda. But none of those differences require a ruling different than in Felicilda and Eclipse as well as Lippert went under Felicilda on this issue. Is your argument any different than Lippert's? Well it is your honor. Thank you for the question. It's different in the sense that Eclipse as the manufacturer is actually referenced in the agreement. It is the manufacturer of the product that was purchased. And as well your honor under civil code 1792 which is part of the Song allowing for indemnity against the manufacturer by the selling dealership. And so if you want to look at the resulting transaction language and arbitration clause or other parts of it the manufacturer is included and is anticipated in this in this discussion. Help me help me out with the with the arbitration clause. Tell me where the manufacturer is referred to. The manufacturer your honor is part of the third party's language that was addressed by the Felicilda. Okay but not as part of the you or your. Agree? Not as part of the you or we but it is your honor the scope of the arbitration clause which by the way is identical to the clause that was. No I agree I agree I'm not I'm not trying to figure out it's legal. You stopped me for a second when you said the manufacturer was expressly referred to. I don't see an express reference to the manufacturer in this arbitration clause. He may fall within a category of third parties but there's no express reference to him is there? That's correct your honor and I apologize if I was unclear. What I was referring to was the purchase contract itself Eclipse is listed as a make and model for this product for this RV. Right but the arbitration clause doesn't because it would make a big difference to me if an arbitration clause expressly named someone and that's why that's why when you said it I went back to look at the clause and you agree you're not expressly named. Not expressly named your honor but again the breadth of the arbitration clause providing for any and all claims arising from the condition of the vehicle as well as any third parties who are not signatories to the contract is what was sufficient for Felicilda to go the way it did and is what was required for the district court to rule in our favor. Okay can I go back to that and again I know you want to focus on the claim part of the clause but just so that I understand because there is no claim that your client is an employee agent successor or a sign of the signatories correct? That's correct your honor but but no I understand your argument is that we should view that language expansively in light of the breadth of the claim provision but in in some other cases there might be an argument that you're an affiliate or an assigned you're not making that argument. Well your honor as the previous case before us affiliate and assign are specific terms of art and there's specific legal terms and the manufacturer is is neither of those and affiliate is not in this contract as I read it right? It is not your honor. Okay thank you. But again the the question here and I heard Ms. Bennett I think in the previous case mentioning that this case is somewhat of an outlier I think that's incorrect your honor and I don't think that's the right way of looking at the Felicilda versus FCA case. The right way to look at this case is that it is one of the I believe first cases that since Kramer have looked at this identical arbitration clause in the context of equitable estoppel and said look when you when you buy a car or an RV and you make claims about its condition regardless of the regardless of the warranty whether it's expressed or implied the the crux of your claim is that the product you purchased is either defective or doesn't or is not in a good condition and so if Kramer had there's a there's a lot of lines on Kramer by the by Ellington in this case and has been down below but had Kramer had Felicilda been the case when Kramer was being decided it may as very well have been decided differently because federal cases federal courts look at the California law and under California law which addresses this specific issue and extends the doctrine of equitable estoppel in this specific context it has to be followed and absence of the dealership doesn't we think the absence of the dealership doesn't resolve the issue in the plaintiff's favor first because the plaintiff is the party that chooses whom to sue and going back to civil code 1792 which brings in the manufacturer as a party that has to indemnify the dealership there's no practical reason for a plaintiff not to sue the dealership other than to avoid the arbitration clause which again can I ask you a different question on this yes you're not claiming third-party beneficiary in these cases right this case eclipse is not right the only argument was equitable estoppel that's right under Felicilda under Felicilda um do the claims against your client how are they so bound up in the purchase agreement aren't the warranties something quite separate from the purchase agreement your honor my time is almost up but I'll answer your question um the the claims are bound up because first they relate to the condition of the vehicle and the district court agreed with that they arise from the condition of the vehicle and the arbitration clause expressly allows or requires for claims arising out of the condition of the vehicle even against third parties like the manufacturer to be resolved in arbitration and also your honor whether it's an implied warranty or an express warranty claims under song beverly require standing and there's at least one california superior court case since fell so that held that without a purchase contract you simply are don't have standing under song beverly because you're not a consumer of goods and the purchase contract also sets the purchase date which then controls when the warranty kicks in for the manufacturer whether it's you know express warranty and things like that thank you all right thank you and yes mr mailey yes your honor thank you may it please the court my name is john mailey counsel for liver components a co-defendant in this case and the co-appellants with the rv manufacturer eclipse we join in eclipse council's arguments and then my brief time i'll add just a few additional moments i'm going to reserve three months for rebuttal first of all the you know where counsel just left off on the song beverly act and that is the basis of the warranty claims in phyllis hilda and in this case the phyllis hilda court stated quote that the agreement to the sales contract constituted express consent arbitrate their claims regarding vehicle condition even against third parties let me ask you this just assuming hypothetically that um uh phyllis hilda is is is distinguishable without that case how uh is there any other basis on which you can win this uh appeal judge no we are not advocating third phyllis hilda case is the basis for our motion to compel arbitration and other courts have followed phyllis hilda it is not respectfully an outlier it is instead a case i i i understand you're uh you're riding uh that case pretty heavily but i guess my my question and let me try to uh clean it up a bit is if if uh uh we don't agree with you that that case carries the day uh can you win this appeal uh no your honor i don't think that we could because we would have to there's a background course of arthur anderson and other precedent and of course the general policies favoring arbitration uh so that we're not dealt with nationwide putative class actions in federal court as we are in this case but phyllis hilda is the law of the state um let me ask judge parker's question differently let's assume phyllis hilda had never been decided what's your best argument for equitable estoppel under other california law we would be advocating for an expansion or modification of california law then under this provision which is now common and we see this in multiple cases in the past but it's now become a common form agreement used across the auto industry and the rv industry and so we would essentially be the first plaintiffs making that position on the general but i'm sort of asking if you would be arguing for an expansion but for phyllis hilda you'd be arguing for an expansion of california equitable estoppel law correct yes and applying it to this new provision how would you expand it that it covers in this new provision in this new setting that's the condition of the vehicle and the fairness that is in play in this court in just this summer in the franklin any real medical center applied an arbitration provision and to a person who employed by a staffing agency who then worked at a here is it prevents a party from playing fast and loose with its commitment of arbitration hardly it went advantageous and circumvented it to gain undue advantage so who did that who did anything like that in this case that the plaintiff knew of the arbitration agreement that's in the record council knew of it and they selectively chose to draft this through the third amended complaint when they joined our our client they rely on the sale they beverly and mortis but they tried to and excluded the dealer just as happened in phyllis hilda when the plaintiff dismissed the dealer when the issue arose and it was on appeal so the record in this case let us know who drafted this agreement not to my knowledge your honor we surely know the plaintiff didn't a fair assumption just from common sense industry she would have handed an agreement and said sign this i mean no there's no assertion that it's uh unenforceable or inconstable and oh no no i think it's perfectly enforceable we're trying to figure out what it says and i guess i'm i'm echoing judge parker's questions from earlier on if it seems to be logical to assume that these agreements were drafted by people in the industry who surely could have said you includes manufacturers and you includes whoever you want you to include and it doesn't and i'm trying to figure out whether i draw any inference from that or not you you respectfully know your honor because we're not advancing one a direct contract to a third-party beneficiary contract where you might look for i know you're you're giving me a quote which which the u.s supreme court and the california state courts and and this court have uniformly recognized is a viable strong bottom law explain to me how you believe that uh ellington is trying to uh extract uh the benefits of um his contract and at the same time avoid a uh arbitration provision that's contained in the contract because that's usually that's the kind of thing we usually look at when we're uh thinking about equitable stomp absolutely your honor and i'll direct you back to this court's decision in may of 21 in franklin which is in our our briefing 998 bed third 867 where this court in enforcing through equitable stoppel uh an arbitration provision said where parties with arbitration attempts to avoid that agreement by suing a related party of which it has no arbitration agreement in the hope that the clamp gets that the party will be adjudicated first and have propulsive effect separation such a mover should not be allowed to succeed that is this court's precedent uh from from this summer i don't understand i i don't understand how that applies to the supplier of component parts the in the supply chain your honor everything of course comes up through to the manufacturer and so there's no distinction been drawn historically in equitable estoppel as we go down the supply chain because what the federal arbitration act and the supreme court and this court and california courts are concerned about is let's have one matter one time and not you know in a relatively simple straightforward individual arbitration claim and not a nationwide pewd of class action which is what my client here in indiana is now faced with out of what should be a simple uh five figure one one individual claim claim uh your honor lastly as i close out um just would remind the court of one of the heirs of the trial judge in this judge acknowledged we had a strong position and knowledge phyllis hilda uh did did not take account of strong provisions and policies under the federal arbitration act that this court has followed and the supreme court moses cone has followed uh that we have a healthy regard for the federal policy favored arbitration and that um there's we're on the side of including rather than excluding arbitration but all those principles all apply to parties to arbitration agreements they don't apply to uh uh third parties who might be who who had never uh agreed to arbitrate getting uh uh brought into arbitration proceedings respectfully we don't gain say the the the existence of the strong federal policy but that's not what these cases involve these cases involve because you know the the bedrock of arbitration is you know you and i agreed to arbitration in this case is you know a step remove these cases are a step removed from that aren't they there's no strong federal policy in favor of recognizing equitable estoppel what what the cases say is you're entitled to whatever equitable estoppel the state gives you right yes and that there's a a a strong policy i can't find a single case that says and in the same way the same way with third-party beneficiaries there's no there's no strong federal policy around third-party beneficiaries either is there not only that there is your honor but i'll just close with california through fella silva which the supreme court denied review of and which plaintiffs and the bar tried to get de-published and the court refused to de-publish the decision is the law the state of california in this contract which is the same contract in this case respectfully ask that the court reverse the decision below and force the through equitable estoppel thank you thank you um mr robinson yes good morning your honor uh jeremy robinson appearing on behalf of the plaintiff and appellee ty ellington here um i i have the good fortune i think of having miss bennett made a lot of the arguments for me already and probably a lot better than i ever could have so i don't want to take a lot of the court's time on things that have already been said but there are a few specific points i would like to make that pertain to this particular case first off i think it was perhaps telling that a couple of the questions for lippers counsel he found very difficult to answer the first being what is it that the plaintiff is taking advantage of in this contract that they should be equitably a stop except i don't here's i want to be fair to your opponent who i thought did a great job trying to answer difficult questions uh of course we don't require if california were like the rest of the country we'd look at somebody trying to take advantage of something to the detriment of somebody else but the california law and equitable estoppel which i don't pretend to understand seems to focus on whether or not the claim in the lawsuit is bound up in matters covered by the arbitration agreement and so it doesn't seem to focus to me on one party trying to take advantage of another it seems to focus on some other some other criteria am i misreading the california arbitration equitable estoppel cases no i think that's correct i perhaps take advantage of is is not the the best choice of language there but the standard is that even under california law under goldman and all of the other equitable estoppel cases that the plaintiff is seeking to use the contract to create rights or to its benefits while at the same time trying to avoid the arbitration clause that's the foundation for equitable estoppel that's the general foundation of equitable estoppel but but the california cases that define it as the claims being bound up in the a little different so tell me why these claims that your client brings aren't bound up somehow in the agreement that gave rise to the arbitration clause what's how do i get out of that box sure well first of all there's a variety of claims that have been brought in this case i know the defendant has focused just on the song beverly claim but this case includes claims under california's unfair competition law under california's consumer legal remedies act and uh implied warranties which have nothing to do with the contracts and there's law out there that's wait wait wait just a minute uh aren't the manufacturers uh implied warranties implied in the contract between uh the purchaser and the dealer your honor i don't believe they're implied in that contract they're implied i thought i thought under the uh ucc uh implied warranties of merchantability and fitness for protect a purpose or for a particular purpose excuse me are applied in every sales contract is is am i am i mistaken on that i don't think you're mistaken but this case isn't arising under the ucc there's california law such as greeman and several other cases that say that implied warranties also arise independently of the contract just by operation of law and the law in nearly every place in the in the i don't know what the california is is an exception but that is a common source of of implied warranties so we agree that there are implied warranties uh would you dispute that these weren't implied warranties uh carry over to the contract between uh the purchaser and the car deal um if i'm understanding the question correctly i would say that the implied warranties are independent of the contract uh that this you know as this court said in kramer where are they implied into if it's not the contract they're implied by operation of law into what into what just into the relationship between the dealership and the plaintiff if the plaintiff as as was in kramer uh at least the kramer court discussed if the ty ellington went here and he just paid cash there was no contract he just said here's a lot of bills for this rv those implied warranties would still be there it's it's not the contract that gives rise to those implied warranties it's the transaction itself and again they go along with the sale right well the sale is obviously a predicate for them yeah the sale is a prerequisite for the implied warranties to exist but again this court has explained in kramer and in several other cases also in murphy it's not simply enough for equitable estoppel to say that there's a sale if that was the case then equitable estoppel apply to every practical transaction out there what is required under california law is that the claims arise or are intertwined or founded within the contract and you know i cite to kramer again for an analogous case where this court looked at a very similar contract and said that there was no equitable estoppel that it identical or nearly identical consumer protection claims against an automobile manufacturer and this court found that there was no equitable estoppel and i think as my colleague or opponent mentioned the only grounds they have to contest that at this point is fellacilda i i believe i don't want to put words in his mouth but i believe he essentially conceded that absence fellacilda they would lose this case and that's because i have a question about does this the whole thing turn on the allegations of the complaint because the fellacilda's complaint alleged and relied upon the express warranties that accompanied the sale of the vehicle to them by which fca undertook to preserve and maintain the utility or performance of their vehicle and the court of appeals said that this therefore this sales contract was the source of the warranties at the heart of the case now is your case are you arguing your case is different because it's only implied warranties as opposed to express warranties in the sales contract that is a difference with between the cases but it's not the only one i do agree in fellacilda they said the warranties were provided as a part of the contract and the claims you know our claim for unfair competition under 17 200 for the consumer legal remedies act for against lipper in particular the product liability design defect claims we have those those don't relate to the contract other than obviously the contract is evidence that there was a sale and a sale is not even a prerequisite for a ucl claim but it is a prerequisite for a few of the other claims but the other key distinction which i think has been discussed at some length already is the fact that in fellacilda the dealership is the one that compelled arbitration and so what happened in that case when the dealer compels arbitration because they are the we are of you and we and the clause the breadth of the scope of the clause says it can encompass potentially claims against that relate to the condition of the vehicle or that involve third parties the dealership's compelling arbitration brings all of those claims within the scope of the contract itself so although the but that gets back to the point that um your colleague um mr mailey raised if you had if you had raised these claims against the dealership and it had compelled arbitration uh arbitration could do you agree that that that the other two parties could have been joined in that arbitration probably so i mean i i think what he's saying is look you made a strategic decision to circumvent the arbitration clause to end up in a situation where by not suing an obviously responsible party uh to to to stay out of the arbitration clause and that you want to be equitably stopped from doing that is what he's saying uh now maybe he made the argument better than i rephrased it but assuming that's the argument he's making why is he wrong i understand the argument he's making that's that's the spin that he's putting on it the dealership this the defect in this case is a latent frame defect where the frame cracks over a period of time of usage there's no evidence that the dealership had any knowledge of this defect at the time of sale or what happened surely products liability cases you the last person in the line gets stuck for warranties about what they sold even though they didn't they're not at fault that's possibly true but um i mean again i think you have to return to the terms of the contract the contract is written in a way that says the dealership has the power to compel arbitration and there's a fairly broad scope and i think as you all have discussed with some of the other council if the manufacturer wanted to be a part of that arbitration or you know the dealership could have written them in or whoever wrote the contract we don't know who wrote the contract i think it's just like a standard form contract that's used throughout the state but they they whoever drafted the contract not the plaintiff could easily have said the manufacturer has the power to compel arbitration here they chose not to do that so we look to the literal terms of the contract for determining what's going to happen under those circumstances and this is why i think as miss bennett said fellacilla really isn't an equitable estoppel case they never had to get to equitable estoppel they just found that the dealership's compelling arbitration had the ability to bring that claim within the scope of the arbitration clause and that's not the case here and so here's what's going on the dealers the dealership i'm sorry the manufacturer does not want to be tied into arbitration clauses in retail auto contract cases because every that would mean that every time a dealer screws up or a manufacturer who has you know thousands of dealerships around the country can get dragged into it so they don't want that but uh to follow up on on uh judge herowitz's question uh it seems to me that the you know the the the the main responsibility for you know repairing an effective vehicle is is with the dealer that you bought it from i mean that's how this happened that that's how these problems are resolved you know 99 of the time and you uh avoided the very obvious uh uh defendant and instead went after the manufacturer uh who didn't have an arbitration clause so why shouldn't that concern us well first off i agree with the first part of your call there about why the manufacturers may not want to be in there but that's a choice that they're making and if they make that choice then they have to live with that choice which also means they don't get to take advantage of the contractual language that's in there on the second part this relates to the terms of the contract and again you know the contract could be worded in a different way but it's it's not equitable estoppel which is what's being argued here doesn't look to who the plaintiff has decided to sue it looks to the question uh whether the claims are bound up with the contract in a way that they can't be separated and that the plaintiff should be stopped from avoiding the arbitration clause they're trying to take avoiding some other part of that contract we're not these aren't these claims the claims you are making against the manufacturer tied up with uh the the dispute you've got with the dealer i mean aren't they one and they're just the same package you you bought a product that didn't work like it was supposed to as as i mentioned earlier with as discussed in this court's decision in contract it's tied up with the purchase of the vehicle and there's ample case law out there murphy kramer and california cases that say just because there's a sale that's not enough for equitable estoppel it has to be tied up within the contract itself and it's tied it's tied pretty close to the contract because either embedded in the contract or side by side with the contract are implied warranties of merchantability and fitness that's that may be true but that's only a very small part of this case there are many claims having nothing to do with implied warranties i mean as i mentioned applied warranties can exist independent of the contracts but we have a lot of claims that aren't implied warranty claims and again that would exist even if ellington had paid cash or if they isn't it the broadest claims you've got are the implied warranty claims on that you're saying this this uh was not merchantable and was not fit for a particular purpose you can't have claims broader than that i i don't know if i would agree with that i think our unfair competition law claim in california law that's that is a hugely expansive uh claim that you can make but but i'm not sure the breadth necessarily matters i mean i think i see i'm running low on time so one point i want to try to make here is that the rule that i think they're trying to advocate for and they have never actually come out and said this but they seem to be saying in their briefs that any claim that is involving a third party and relates to the condition of the vehicle is now subject to but that would be just a massive expansion of equitable estoppel law as miss bennett pointed out that would mean that a drunk driver could now compel arbitration because they're a third party and the crash might have related to the condition of the vehicle there's no reasonable rule that you can fashion from that that would be applicable to all of these circumstances and i fellacilda simply cannot be a case that holds that that's the way equitable estoppel works so i i've run over my time i apologize i'll answer any questions but otherwise i'll stop does anybody have any questions i'm good thank you very much thank a very interesting uh series of cases thank you all thank you um thank you uh your honor yes i hope they still have at least a don't pardon me just over time i know he is thank you your honor no i'll give you a minute oh thank you very much i'll very briefly your honors uh two things council uh just told the court that fellacilda is not an equitable estoppel case uh the term appears multiple times in the case the analysis is of all the california uh equitable estoppel cases secondly i'll direct the court back to the franklin decision from this court this summer 998 fed third 867 in our reply group fellacilda is the law of the state of california here's what this court said this summer when the california supreme court has not spoken on issue we are obligated to fall decisions of the state's intermediate public courts unless there's convincing evidence the california supreme court site different sites decisions between an ombud decision and and then says this is especially true when the supreme court has refused to review the lower court's decision that's where we are fellacilda is the law of this case it's why we're here uh and respectfully uh the the attempt to bring a nationwide fugitive class action in a case that is bound by equitable estoppel arbitration provision uh should be reversed for compelling arbitration on that thank you your honors for your generous time today thank you very much thank you all thank you very much thank you thank you ellington versus eclipse recreational vehicles and liver components is submitted in this session of the court is adjourned for today thank you this court for this session stands adjourned
judges: WARDLAW, Parker, HURWITZ